# UNITED STATES DISTRICT COURT
# for
# Middle District of Tennessee
# Petition for Summons for Offender on Supervision

Name: Donta Sunquest Smith Docket Number: 3:18-CR-00060-001

Name of Current Judicial Officer: Honorable William L. Campbell, Jr., Chief U.S. District Judge

Date of Original Sentence: September 17, 2019

Original Offense: 18 U.S.C. § 922(g): Convicted Felon in Possession of Firearm and Ammunition

Original Sentence: 70 months' custody followed by three years' supervised release

Type of Supervision: Supervised Release Date Supervision Commenced: October 7, 2024

Assistant U.S. Attorney: To Be Determined Defense Attorney: To Be Determined

---

**PETITIONING THE COURT**

☒ **To Issue a Summons**
☐ **To Issue a Warrant**
☐ **To Consider Additional Violations\Information**

---

The Court Orders:
☐ No Further Action at this Time
☒ The Issuance of a Summons
☐ The Issuance of a Warrant
☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Consideration of Additional Violations and/or Information
☐ Other

Considered, this 21st day of September, 2026, and made part of the record in the above case.

[signature]
Honorable William L. Campbell
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted this 21st day of September, 2026.

Keara Mack
Keara Mack
U.S. Probation Officer
Place: Nashville, TN

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following conditions(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.** **You must not commit another federal, state, or local crime**

On August 30, 2026, Mr. Smith was charged with and arrested by Metropolitan Nashville Police Department (MNPD) for:

- Driving Under the Influence- a Misdemeanor
- Implied Consent-Civil- a Misdemeanor
- Possession or Casual Exchange- a Misdemeanor

On August 30, 2026, at approximately 5:06 a.m., MNPD officers were dispatched to 1309 Jackson Street regarding a motor vehicle accident. Officers arrived on scene and observed the defendant, Donta S. Smith, in the driver's seat of a white Nissan Altima. Mr. Smith operated the white Nissan maxima traveling eastbound on Jackson Street and struck two parked vehicles. Mr. Smith's vehicle was disabled and initially Mr. Smith refused to exit the vehicle as he was uncooperative with both medics and police at the scene. Eventually Mr. Smith agreed to exit the vehicle and was slurring his words when speaking to the officers. Mr. Smith had glassy/watery eyes, and his mental state appeared to be impaired. Mr. Smith refused medical attention and stated he did not remember how the traffic accident occurred. While speaking with Mr. Smith, officers smelled a strong odor of an alcoholic beverage coming from his breath. Mr. Smith refused to participate in field sobriety tests, and he was placed into custody for driving under the influence of an intoxicant. Mr. Smith was read *Miranda* rights and stated he understood his rights. Mr. Smith agreed to speak with officers; however, he refused to answer any investigative questions. Mr. Smith was read implied consent and refused to provide a blood sample. Mr. Smith was searched incident to arrest and officers located approximately 2.1 grams of a white powdery substance in a plastic bag, consistent with cocaine, on Mr. Smith's person. Officers also located approximately .3 grams of an orange powdery substance with two pink pills in another plastic bag and approximately .2 grams of a white powdery substance on a twenty-dollar bill, consistent with cocaine, on Mr. Smith's person. A blood search warrant was signed by a night court commissioner. Mr. Smith delayed the blood sample by verbally stating he would not allow officers to retrieve a blood sample. Necessary procedures were taken and a sergeant responded to the scene. Mr. Smith eventually complied and his blood sample was taken at General Hospital. It is noted that officers were dispatched to the scene at 5:06 a.m., and Mr. Smith's blood was drawn at approximately 7:57 a.m.

Mr. Smith posted state bond and was released from custody; his next court appearance is October 30, 2026.

**2.** **You must not unlawfully possess a controlled substance**

As noted in Violation No. 1, on August 30, 2026, Mr. Smith was in possession of the following controlled substances:

- Approximately 2.1 grams of a white powdery substance in a plastic bag, consistent with cocaine
- Approximately .3 grams of an orange powdery substance with two pink pills in another plastic bag
- Approximately .2 grams of a white powdery substance in a twenty-dollar bill, consistent with cocaine

3. **<u>You must follow the instructions of the probation officer related to the conditions of supervision.</u>**
Mr. Smith was given instructions to report to the probation office on September 4, 2026, to submit to a drug screening. The probation office attempted to collect the urinalysis, which Mr. Smith could not produce at the moment, and was given further instructions to notify the front desk staff when he was ready to produce. Mr. Smith contacted this officer stating that he needed to go to work. Mr. Smith was given direct instructions to not leave the probation office until his urinalysis was collected. Mr. Smith left the office approximately 15 minutes after the above instructions were given and failed to submit to drug screening that date.

**<u>Compliance with Supervision Conditions and Prior Interventions:</u>**
Mr. Smith commenced supervision on October 7, 2024, and his supervision is scheduled to terminate on October 6, 2027. Throughout his term of supervised release, Mr. Smith has advised that he is employed at Rons Trucking and produced pay stubs for verification alleging such.

On October 29, 2024, the probation office submitted a petition advising the court of Mr. Smith's positive urinalysis for cocaine. The probation office respectfully recommended no action to allow Mr. Smith to attend treatment, and the Court ordered the same (Doc. No.: 90).

On December 19, 2024, the probation office submitted a petition advising the court of Mr. Smith's positive urinalysis for cocaine, amphetamine, and MDMA. The probation office respectfully recommended no action to allow Mr. Smith to continue treatment, and the Court ordered the same (Doc. No.: 91).

On February 3, 2025, the probation office submitted a petition advising the court of Mr. Smith's positive urinalysis for cocaine. The probation office respectfully recommended no action to allow Mr. Smith to obtain further treatment, and the Court ordered the same (Doc. No.: 92).

As it relates to substance abuse treatment, Mr. Smith was referred to outpatient services with On Your Mind Counseling from November of 2024 until June of 2026. Mr. Smith was unsuccessfully discharged from the program on July 30, 2026, due to poor attendance. Of note, his counselor stated that Mr. Smith did make progress and appeared amendable to treatment otherwise. Mr. Smith also was referred to inpatient services at Buffalo Valley in February of 2025, and he successfully completed their 28-day inpatient program.

On April 22. 2026, the probation office submitted a petition advising the court of Mr. Smith's failure to self-surrender to the Metro Nashville Police Department (MNPD) on new arrest warrants, that predated his term of supervised release. The probation office respectfully recommended no action be taken, and the Court ordered the same (Doc.No.: 96).

On June 23, 2026, the probation office submitted a petition advising the court of Mr. Smith's non-compliance violations. Mr. Smith moved and failed to notify the probation officer at least 10 days prior to or within 72 hours of becoming aware of the change. Mr. Smith also failed to report to the probation office on multiple occasions for drug testing. Lastly, it was reported that Mr. Smith was asked to provide

employment verification, to include the number of hours worked within the pay period, and he failed to send the financial records and statements as requested (Doc. No.: 101).

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in the petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for Mr. Smith so that he can answer to the alleged non-compliant behavior.

**SENTENCING RECOMMENDATION**
**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**
**UNITED STATES V. DONTA SUNQUEST SMITH CASE NO. 3:18-CR-00060-001**

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** **POST APRIL 30, 2003** **PROTECT ACT PROVISIONS**

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **Custody:** | **2 years** (Class C felony)<br>*18 U.S.C. § 3583(e)(3)* | **7-13 months**<br>*U.S.S.G. § 7C1.5* | **8 months** |
| **Supervised Release:** | **3 years less any term of imprisonment**<br>*18 U.S.C. § 3583(h)* | **Not more than 3 years**<br>*U.S.S.G § 5D1.2(a)(1)* | **12 months** |

**Statutory Provisions:**
Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

Under 18 U.S.C. § 3583(g)(1) if the defendant possesses a controlled substance in violation of the condition set forth in subsection (d); the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:**
U.S.S.G. § 7C1.1(a)(3) Grade C Violations - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7C1.3(a) and (b) Upon receiving a report that the defendant is in non-compliance with a condition of supervised release, the court should conduct an individualized assessment to determine what response, if any, is appropriate. Upon a finding of a violation for which revocation is required by statute (see 18 USC 3583(g)), the court shall revoke supervised release. Upon a finding of any other violation, the court shall conduct an individualized assessment, taking into consideration the grade of violation, to

determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

Approved:

Douglas Murphy
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET SUPERVISED RELEASE

1. **Defendant** Donta Sunquest Smith

2. **Docket Number** (*Year-Sequence-Defendant No.*) 3:18-CR-00060-001

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 9/17/2019

5. **Original District/Office**
   *(if different than above)*
6. **Original Docket Number** (*Year-Sequence-Defendant No.*)

7. **List each violation and determine the applicable grade** (see §7C1.1(a)):

| Violation(s) | Grade |
|---|---|
| **You shall not commit another federal, state, or local crime** | C |
| **You must not unlawfully possess a controlled substance** | C |
| **You must follow the instructions of the probation officer related to the conditions of supervision** | C |

8. **Most Serious Grade of Violation** (see §7C1.1(b)) C

9. **Criminal History Category** (see §7C1.5) IV

10. **Range of Imprisonment** (see §7C1.5) 7-13 months

11. **Revocation of Supervised Release (Policy Statement Per** §7C1.4**):**

(a) In the case of a revocation of supervised release, the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in §7C1.5 (Term of Imprisonment – Supervised Release (Policy Statement)).

(b) Any term of imprisonment imposed upon the revocation of supervised release generally includes the imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

(c) If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised

release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7C1.4):

| | | | |
|---|---|---|---|
| Restitution($) | $ | Community Confinement | Click or tap here to enter text. |
| Fine($) | $ | Home Detention | Click or tap here to enter text. |
| Other | $ | Intermittent Confinement | Click or tap here to enter text. |

13. **Supervised Release**

If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release (see 18 U.S.C. §3583(e), §§5D1.1-1.3 §7C1.4(c)).

Term: Not more than 3 years

Period of supervised release to be served following release from 3 years less any term of imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:
Click or tap here to enter text.

15. **Official Detention Adjustment** (see §7C1.6(a) & (b)): Click or tap here to enter text. months Click or tap here to enter text. days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002